

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS LUTHER MYSER, | No. 15-35169 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00608-JLR |
| v. | |
| STEVEN TANGEN, | MEMORANDUM[*] |
| Defendant; | |
| SPOKANE COUNTY, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Douglas Luther Myser appeals pro se from the district court's judgment

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Myser's request for oral argument, set forth in his reply brief, is denied.

dismissing his action alleging fraud on the court. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's dismissal of an independent action to set aside a prior judgment for fraud on the court. *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003). We affirm.

The district court did not abuse its discretion by dismissing Myser's action for failure to state a claim because the alleged perjury by witnesses and mischaracterization of the relevant legal standard by Spokane's attorneys do not amount to fraud on the court. *See id.* (explaining that "[f]raud on the court requires a grave miscarriage of justice" and "perjury by a party or witness, does not, by itself, amount to fraud on the court" (citation and internal quotation marks omitted)); *see also United States v. Estate of Stonehill*, 660 F.3d 415, 444 (9th Cir. 2011) ("Most fraud on the court cases involve a scheme by one party to hide a key fact from the court and the opposing party.").

The district court did not abuse its discretion by dismissing Myser's amended complaint without leave to amend because further amendment would be futile. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (setting forth standard of review and stating that district court may deny leave to amend when plaintiff has failed to cure deficiencies by previous

15-35169

amendments and further amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**